[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (DOCKET ENTRY NO. 120)
Before the court is defendant Daniel Panzenbeck's motion for summary judgment. On March 30, 2001, the plaintiff, Patrick Casey, individually and as parent and guardian of the plaintiff Danielle Casey, a minor, filed a second amended complaint against the defendants, Linda Zilliox, William Zilliox, and Daniel Panzenbeck for their negligence in causing an automobile accident that injured the plaintiffs.[1] In counts one and two, the plaintiffs allege that while they were in their vehicle and lawfully stopped, a vehicle owned and operated by Panzenbeck struck their vehicle from behind, causing injury to the plaintiffs. They also allege that a vehicle owned by William Zilliox and operated by Linda Zilliox struck Panzenbeck's vehicle from behind and pushed his vehicle into the rear of the plaintiffs' vehicle, causing physical injury to the plaintiffs. In count three Patrick Casey alleges that he sustained monetary damages for payments he made for medical treatment for Danielle CT Page 9605 Casey.
On October 12, 2000, Panzenbeck filed the present motion for summary judgment supported by a memorandum of law and his own affidavit. The Zillioxs filed an objection to the motion on October 17, 2000, supported by a memorandum of law. On February 20, 2001, the plaintiffs filed an objection to the motion, supported by a memorandum of law and an affidavit by Patrick Casey. The court heard oral argument on April 23, 2001.
Summary judgment provides a method to resolve litigation when all of the evidence presented shows both that there are no questions of "material fact and that the moving party is entitled to judgment as a matter of law." Miles v. Foley, 253 Conn. 381, 385, 752 A.2d 503 (2000). The court "must view the evidence presented in the light most favorable to the nonmoving party." Id., 386. "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted) Hammer v.Lumberman's Mutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699
(1990).
Panzenbeck argues that there are no issues of material fact, and he is entitled to judgment as a matter of law because there is no evidence that his actions were the proximate cause of the "chain accident" in question. Specifically, he argues that because Patrick Casey testified that Linda Zilliox started the "chain collision," which caused Panzenbeck's vehicle to strike the Casey vehicle, his conduct should be considered passive, and therefore, not negligent. He quotes from Patrick Casey's deposition testimony in which Casey states his "belief" regarding the sequence of the collision. This testimony, Panzenbeck argues, indicates that there is no genuine issue of material fact as to the absence of negligence on his part.
In their respective memoranda of law, the plaintiff and the Zillioxs argue that there are genuine issues of material fact as to how the accident occurred, rendering summary judgment inappropriate. Specifically, they argue that Patrick Casey also admitted in his deposition that he did not witness the collision between the Zilliox vehicle and the Panzenbeck vehicle as it occurred, and that he did not know whether Panzenbeck's vehicle was stopped prior to its impact with the Casey vehicle.
Generally, "[i]ssues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." (Internal quotation marks omitted.) Fogarty v. Rashaw,193 Conn. 442, 446, 476 A.2d 582 (1984). Court generally deny summary CT Page 9606 judgment in "chain reaction" crashes because that there are genuine issues of material fact as to whether the movant acted in a manner that could be considered negligent. See e.g. McDaniel v. Perrotta, Superior Court, judicial district of Hartford/New Britian at Hartford, docket No. 386590 (February 11, 1992, Schaller, J.) (7 C.S.C.R. 331, 332).
In the present case, evidence submitted by both the plaintiff and Panzenbeck show that there is a genuine issue of material fact as to how the accident in question occurred. First, in his deposition testimony, Patrick Casey indicates he did not see the actual collision. In addition, in his deposition and his affidavit, Patrick Casey indicates that he does not know whether Panzenbeck's vehicle had came to a stop prior to being hit by the Zilliox vehicle. Accordingly, defendant Panzenbeck has not met his burden of showing that there are no questions of material fact. Therefore, defendant Panzenbeck's motion for summary judgment is denied.
SKOLNICK, J.